Compiler

FILED
SUPERIOR COURT
OF GUAM

2013 OCT -9 PM 2: 58

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| Guardianship of<br>FRANCIS LESTER MOYLAN, Incompetent,<br>by<br>RICHARD E. MOYLAN, Petitioner. | |
| Guardianship Over the Person of<br>FRANCIS LESTER MOYLAN, Incompetent,<br>by<br>LEIALOHA MOYLAN ALSTON and<br>FRANCIS LESTER MOYLAN, Jr.,<br>Petitioners. | CONSOLIDATED SPECIAL<br>PROCEEDINGS CASE NOS.<br>SP 0110-07, SP 0104-07,<br>SP 0105-07, SP 0106-07,<br>SP 0107-07, SP 0111-07 |
| Guardianship Over the Estate of<br>FRANCIS LESTER MOYLAN, Incompetent,<br>by<br>KURT MOYLAN, Petitioner. | **DECISION AND ORDER** |
| Guardianship Over the Estate of<br>YUK LAN MOYLAN, Incompetent,<br>by<br>KURTMOYLAN, Petitioner. | |
| Guardianship Over the Person of<br>YUK LAN MOYLAN, Incompetent,<br>by<br>LEIALOHA MOYLAN ALSTON and<br>FRANCIS LESTER MOYLAN, Jr.,<br>Petitioners. | |
| Guardianship of<br>YUK LAN H. MOYLAN, Incompetent,<br>by<br>RICHARD E. MOYLAN, Petitioner. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 27th day of August, 2013, for disqualification proceedings pursuant to 7 GCA § 6107. Attorney Curtis Van de veld represented Petitioner Richard Moylan ("Petitioner"). For the reasons set forth below, the Court overrules the Petitioner's objection.

### I. Background

A series of previous judicial disqualifications resulted in this consolidated case being assigned to the Honorable Judge Michael J. Bordallo. Judge Bordallo has disclosed on the record that his brother Rick Bordallo is in-house counsel for businesses owned by Special Guardian Kurt Moylan, who is an adverse party to the Petitioner in these cases. The Petitioner alleges that this is grounds for Judge Bordallo's disqualification under 7 GCA § 6105(a), which requires disqualification where the judge's "impartiality might reasonably be questioned."

### II. Analysis

At the outset, the Court notes that Kurt Moylan appears as an individual in this case, which concerns the affairs of his family, not the affairs of any of the businesses he owns and which employ Rick Bordallo as in-house counsel. The Petitioner does not allege that Rick Bordallo has appeared on behalf of Kurt Moylan in this case. Indeed, on the facts alleged by the Petitioner, Rick Bordallo cannot even be said to represent Kurt Moylan at all. As in-house counsel, Rick Bordallo's clients are the businesses he represents, not the individual who owns those businesses.

Though the Petitioner alleges that the guardianship bond in this case, issued through Moylan's Insurance, a business owned by Kurt Moylan, "was at issue" and "is expected again

to be in dispute" in this case, he provides no discussion of the nature of that dispute, and no analysis of how any dispute regarding the guardianship bond could implicate Judge Bordallo's impartiality. Without the benefit of any such discussion or analysis, the Court is left only to speculate and hypothesize, and even in doing so, it can see the most attenuated possible connection between any advice rendered by Rick Bordallo to Moylan's Insurance and the impartiality of Judge Bordallo's rulings in this case. In any case, mere speculation and hypothesis cannot form legally cognizable grounds for judicial disqualification, which must be grounded in objectively determinable facts. *See U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Having examined the judicial disqualification case law arising out of a judge's immediate familial relation to an attorney, the Court notes that the overwhelming bulk of the objections have been made under statutory provisions similar to Guam's 7 GCA § 6105(b)(5)(C), which provides that disqualification is appropriate where a person within the third degree of relationship to the judge "is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding." *See, e.g., SCA Services, Inc. v. Morgan*, 557 F.2d 110 (7th Cir. 1977); *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255 (5th Cir. 1983). In each of these cases in which disqualification was deemed appropriate, the determinative finding was that the judge's brother had an interest that would be affected by the outcome of the proceeding.

With respect to Rick Bordallo, this case is a dispute over his client-employer's owner's parents' estate. Any connection he might have to this case appears to the Court to be highly attenuated. Multiple layers of insulation stand between Rick Bordallo and any "interest that could be substantially affected by the outcome of" this Moylan family estate dispute. On the facts alleged by the Petitioner, the Court cannot conclude that Rick Bordallo has an interest in

the outcome of this case sufficient to necessitate Judge Bordallo's disqualification. Nor can the Court conclude that, in light of the objectively determinable facts and circumstances in this case, a reasonable person would perceive any significant risk of a resolution of this case on a basis other than the merits.

### CONCLUSION

For the reasons set forth above, the Petitioner's objection to Judge Bordallo's competency to preside over case is hereby **OVERRULED**, and the Petitioner's request for Judge Bordallo's disqualification is hereby **DENIED**. Judge Bordallo shall continue to preside over this case.

IT IS SO ORDERED: OCT 0 9 2013 .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

OCT 0 9 2013

Benny Cruz
Deputy Clerk Superior Court of Guam